# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAIRE INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> INOGEN, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | **Civil Action No. _____** <br><br> **COMPLAINT** <br> **FOR PATENT INFRINGEMENT** <br> **WITH JURY DEMAND** |

Plaintiff CAIRE Inc. ("CAIRE" or "Plaintiff"), for its Complaint against Inogen, Inc. ("Inogen" or "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff CAIRE Inc. is a Delaware corporation with a principal place of business at 2200 Airport Industrial Drive, Suite 500, Ball Ground, Georgia 30107. CAIRE is a leading provider of innovative, high-quality portable oxygen concentrators, stationary concentrators, and liquid oxygen systems.

2. Upon information and belief, Defendant Inogen, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 326 Bollay Drive, Goleta, California 93117. Defendant Inogen

has appointed Alison Bauerlein, 326 Bollay Drive, Goleta, California 93117, as an agent for service of process.

## JURISDICTION AND VENUE

3. This action involves federal statutory questions and claims arising under the laws of the United States. This Court has jurisdiction over the subject matter of this action, without regard to the amount in controversy, pursuant to 35 U.S.C. § 271, et. seq. and 28 U.S.C. §§ 1331 and 1338.

4. Personal jurisdiction exists over the Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted or solicited within this district and/or specifically as a result of, at least, the distribution network wherein Defendant has placed its products within the stream of commerce, which stream is directed at this district, and by committing and/or causing within this district the tort of patent infringement.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as Defendant resides in this district and/or wrongful acts giving rise to the Plaintiff's claims have occurred in this district as alleged herein.

## BACKGROUND

6. Plaintiff CAIRE, a subsidiary of Chart Industries, Inc., is a leading global manufacturer of oxygen therapy systems for individuals with respiratory

conditions. CAIRE's products have helped millions of people breathe easier, and have allowed patients in any disease state continuum to stay active. CAIRE manufactures oxygen concentrators at its facility located in Ball Ground, Georgia.

7. Portable oxygen concentrators are oxygen delivery systems that are wearable by either a belt clip, shoulder strap, or backpack, or can be rolled behind the user. They provide advantages over traditional oxygen cylinders since there is no need to transport tanks, and no concern about the oxygen tank running empty. Examples of portable oxygen concentrators are Plaintiff's FreeStyle® and Focus® product lines; these products weigh less than 10 pounds and have multiple hours of battery life.

8. As a result of its substantial investment in product research and development, Plaintiff and its related companies have been awarded numerous utility and design patents that cover one or more of its products. These patents cover innovations that have allowed for oxygen concentrators to weigh less, reduce their size, and deliver oxygen more efficiently. Dr. Norman McCombs, a long-time employee, was awarded the National Medal of Technology and Innovation in 2013 by President Obama, the nation's highest honor for technological achievement, for Dr. McCombs' pioneering efforts in oxygen separation technology, including the technology embodied in the patent-in-suit.

## DEFENDANT'S INFRINGING ACTIVITIES

9. Defendant also sells portable oxygen concentrators within the state of Georgia and throughout the United States. Inogen competes with CAIRE in the oxygen therapy market.

10. Defendant imports, manufactures, and/or distributes for sale at least the Inogen One® oxygen concentrator series. These products include the Inogen One® G3 portable oxygen concentrator. True and correct descriptions of the G3 portable oxygen concentrator as sold from Defendant's product literature and website are attached as Exhibits A and B.

11. At least Defendant's G3 product infringes one or more claims of at least U.S. Patent No. 6,949,133 owned by CAIRE. Defendant has made, used, offered for sale, sold, and/or imported the G3 product, which infringes this patent, as described below.

12. Defendant was aware and had actual knowledge of U.S. Patent No. 6,949,133 prior to the filing of this Complaint. At least U.S. Patent Nos. 7,686,870 and 7,922,789, assigned to Defendant, cite U.S. Patent No. 6,949,133 and its parent patent on the face of the patents, meaning that the patents were considered relevant art in which Defendant had a duty to disclose. Further, U.S. Patent No. 6,949,133 was discussed by the Patent Examiner during prosecution of those patents.

Defendant is and has been on notice of U.S. Patent No. 6,949,133 since at least the prosecution of the above-mentioned patents.

13. Defendant's actions have caused damage and injury to Plaintiff and the consuming public and continue to threaten irreparable harm for which there is no adequate remedy of law, and for which principles of equity require that Defendant be enjoined from its unlawful activity.

## COUNT ONE - PATENT INFRINGEMENT
### Infringement of U.S. Patent No. 6,949,133

14. Plaintiff realleges, adopts, and incorporates by reference the allegations included within paragraphs 1 through 13 as if fully set forth herein.

15. CAIRE is the assignee and owner of all right, title, and interest, including the right to recover for past infringement, in United States Patent No. 6,949,133 entitled "Portable Oxygen Concentrator" (the "'133 Patent"). The '133 Patent was duly and legally issued on September 27, 2005 by the United States Patent and Trademark Office. A true and correct copy of the '133 Patent is attached hereto as Exhibit C.

16. Plaintiff's FreeStyle® and Focus® products use the technology described and claimed in the '133 patent.

17. The '133 Patent is generally directed to a light-weight, small size portable oxygen concentrator that conserves oxygen by delivering it to the user

during the inhalation phase of respiration. Independent claim 1 is representative and recites:

> A compact and highly portable oxygen delivery apparatus for medical uses by producing from ambient air under pressure a product gas having a high concentration of oxygen and delivering the product gas to a user of the apparatus, the apparatus weighing less than about ten pounds with an overall physical volume less than about 820 cubic inches and comprising a pressure swing adsorption system having at least two nitrogen adsorber beds and integrated conserving means including means for sensing inhalation by the user for delivering the product gas only during initial inhalation of the user at selectable rates up to at least about 26 ml or the physiological equivalent of about 3 LPM of continuous delivery of product gas.

18. Defendant's Inogen One® G3 Product is a portable oxygen concentrator that is designed to deliver highly concentrated oxygen (90% or more) to a user of the system. *See* Exhibit A at 1, 39. As demonstrated by its product literature, the G3 weighs less than 10 pounds and has an overall physical volume of less than 820 cubic inches. *See id.* at 39; Exhibit B at 5-6. The G3 product concentrates oxygen by means of a pressure swing adsorption system with at least two nitrogen beds. *See*, *e.g.*, Exhibit B at 9, 15, 17. The G3 product is further designed with a means to sense inhalation in order to deliver oxygen only during the inhalation phase. *See* Exhibit A at 14; Exhibit B at 13. The rate of delivery is selectable up to over 3 LPM. Exhibit A at 31, 39.

19. Upon information and belief, Defendant sells additional oxygen concentrators that are designed to and do operate in a manner similar to the G3 and infringe one or more claims of the '133 Patent.

20. Defendant has directly infringed the '133 Patent by making, using, selling, and/or offering for sale in, and/or importing into, the United States, without authority, the G3 and other products, as described above, covered by at least claim 1 of the '133 Patent to the injury of Plaintiff. Defendant is thus liable for infringement of the '133 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '133 Patent, Plaintiff has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284 in an amount to be determined.

22. Defendant's infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '133 Patent, such that Plaintiff is entitled to enhanced damages and to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. §§ 284 and 285.

23. Defendant knew of the '133 Patent and has disregarded, and continues to disregard, an objectively high likelihood that its actions infringe the '133 Patent.

Defendant knew or should have known of the risk that its actions infringe the '133 Patent.

24. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '133 Patent, Plaintiff will continue to be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

(a) Judgment for Plaintiff and against Defendant on all Counts asserted herein;

(b) Preliminary and permanent injunctive relief enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf or in active concert or participation with them from infringement of the '133 Patent;

(c) Damages to which Plaintiff is entitled including without limitation as provided under 35 U.S.C. § 284;

(d) Actual, statutory, and compensatory damages as proven at trial;

(e) Enhanced damages in an amount equal to three times Plaintiff's damages for Defendant's willful infringement of the '133 Patent pursuant to 35 U.S.C. § 284;

(f) Pre-judgment and post-judgment interest;

(g) That the Court find that this is an exceptional case within the meaning of 35 U.S.C. § 285;

(h) Plaintiff's costs, expenses, and reasonable attorneys' fees and litigation expenses incurred in this action; and

(i) Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on its Complaint against Defendant Inogen, Inc.

Dated: September 12, 2016

/s/ *Ryan K. Walsh*
Ryan K. Walsh
rkwalsh@jonesday.com
Ga. Bar No. 735190
J. Jason Williams
jjwilliams@jonesday.com
Ga. Bar No. 142689
JONES DAY
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-3053
Tel: 404-521-3939
Fax: 404-581-8330

Calvin P. Griffith
(*pro hac vice* motion to be filed)
cpgriffith@jonesday.com
David M. Maiorana
(*pro hac vice* motion to be filed)
dmaiorana@jonesday.com
Thomas R. Goots
(*pro hac vice* motion to be filed)
trgoots@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: 216-586-3939
Fax: 216-579-0212

*Attorneys for Plaintiff*
*CAIRE INC.*